IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUINTEN K. ROBINSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:14-CV-3468-B |
| | ) |
| ANGELA L. BOOKMAN, | ) |
|     Defendant. | ) |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff filed this complaint against Defendant Angela Bookman alleging slander and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The Court has granted Plaintiff leave to proceed *in forma pauperis*. The Court did not issue process, pending preliminary screening.

Plaintiff's complaint is rambling and unclear. She claims Defendant Bookman was living with her as her girlfriend and became violent towards her. She claims Bookman is affiliated with the "Aaron Brotherhood, Chinese Race Group, and Black Crips and Bloods." She states Bookman stole her identity and as a result she is receiving bad mail and strange phone calls. She states Bookman slandered her name by saying that no one in South Dallas likes her, and by telling people that Plaintiff does not like to take a bath and that Plaintiff's breath stinks. She

states Bookman's friend called her on the phone and had a three-way call with the police, but the police would not say anything on the call. She seeks money damages.

## II. Discussion

A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Insofar as Plaintiff seeks to raise a RICO claim, her allegations lack any arguable basis in the law. She fails to allege a "pattern of racketeering activity" or even the presence of a RICO enterprise. *See Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (stating civil claims under 18 U.S.C. § 1962 must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise"); *St. Germain v. Howard*, 566 F.3d 261, 263 (5th Cir. 2009) (stating a pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity). Further, Plaintiff's claim that Defendant committed slander by stating that others did not like her, and/or telling people that Plaintiff did not like to bathe and her breath stinks is without merit. Bookman's alleged

statements were not defamatory in that they would not expose Plaintiff to public hatred, contempt, financial injury or impeach her honesty or integrity. *Blanche v. First Nationwide Mortg. Corp.,* 74 S.W.3d 444, 456 (Tex. App. – Dallas, 2002, no pet.). Further the statements appear to be statements of opinion which do not constitute slander. *Main v. Royall*, 348 S.W.3d 381, 389 (Tex. App. – Dallas 2011, no pet.) (citations omitted.). Plaintiff's claims are without merit and should be dismissed.

### III.  Recommendation

The Court recommends that the complaint be dismissed with prejudice pursuant to the 28 U.S.C. § 1915(e)(2).

Signed this 4th day of November, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Standard Instruction to Litigants**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).